UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALPHONZO FOSTER,

    Plaintiff,

v.

CITY OF DETROIT, CITY OF
DETROIT POLICE DEPARTMENT,
and DPD OFFICER R. DALE,

    Defendants.
_____/

Case No. 18-11215

HON. GEORGE CARAM STEEH

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. 8) AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 12)

Before the court are Plaintiff's motion for summary judgment and Defendants' motion to dismiss Plaintiff's complaint. Pursuant to L.R. 7.1, the court did not hear oral argument and determined this matter on the papers submitted.

## BACKGROUND FACTS

Appearing pro se, Plaintiff Alphonzo Foster filed his complaint on April 17, 2018, against the City of Detroit, City of Detroit Police Department, and Detroit Police Officer R. Dale. Foster alleges that his vehicle was improperly seized, in violation of the Fourth Amendment, after a traffic stop

on March 13, 2015.  *See* Doc. 1, Doc. 12.  Foster alleges that there was no probable cause for the traffic stop and that the ticket he received was later dismissed.  When Foster attempted to retrieve his vehicle from the impound lot, he was told that it had been sold. *Id.*

Based upon the above facts, Foster filed a complaint against the City of Detroit and Officer Dale in Wayne County Circuit Court on June 4, 2015. *See* Doc. 8-1, Doc. 12 at PageID 64.  Foster alleged that his vehicle was seized in violation of his constitutional rights.  After a hearing held May 3, 2016, the state court granted the defendants' motion for summary judgment and dismissed Foster's complaint with prejudice. Doc. 8-2.

## LAW AND ANALYSIS

Defendants seek dismissal of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1]  To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).  "A

---

[1] The record does not reflect that Officer Dale was personally served with the summons and complaint, and it is unclear whether Officer Dale is sued in his personal or official capacity.  To the extent Plaintiff has sued Dale in his official capacity, such a claim is correctly viewed as a claim against the City of Detroit. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (an official capacity suit "is not a suit against the official personally, for the real party in interest is the entity").

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. *See also Hensley Manuf. v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). "Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010).

Among other arguments, Defendants contend that Plaintiff's claims are barred by *res judicata*. The doctrine of *res judicata* bars the re-litigation of claims that have already been resolved on the merits by another court. *Res judicata* "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party . . . and of promoting judicial economy by preventing needless litigation." *FCA US, LLC v. Spitzer Autoworld Akron, LLC*, 887 F.3d 278, 288 (6th Cir. 2018) (citation omitted). "Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007). Under Michigan law, *res judicata* "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their

privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 470 Mich. 105, 680 N.W.2d 386, 396 (Mich. 2004). This doctrine "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id. See also Abbott*, 474 F.3d at 331; *Buck,* 597 F.3d at 816-17.

All of the *res judicata* requirements are met here. Plaintiff filed a lawsuit in state court, against the same parties, based upon the same facts and legal claims he raises in this case: that his vehicle was seized in violation of his constitutional rights. That suit was dismissed with prejudice by a Wayne County Circuit Court judge. Although Plaintiff filed a motion for reconsideration, which was denied, he did not appeal. Plaintiff's state court action resulted in a final judgment on the merits, involved the same parties, and resolved the same issues raised here. Accordingly, Plaintiff's complaint is barred by the doctrine of *res judicata. See Spitzer*, 887 F.3d at 288 ("Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between parties.") (citation omitted).

## ORDER

IT IS HEREBY ORDERED that Defendants' motion to dismiss Plaintiff's complaint (Doc. 8) is GRANTED and Plaintiff's motion for summary judgment (Doc. 12) is DENIED.

Dated: February 5, 2019	s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE